```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

        OCT 02 2013
           AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
```



13-CR-00311-DECL

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> LONGWELL COMPANY, <br><br> Defendant. | NO. CR13-311 <br><br> PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, Katheryn Kim Frierson, Assistant United States Attorney, and Karla Gebel Perrin, Special Assistant United States Attorney, for said District, Defendant, Longwell Company, and its attorney, Michael McKay, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters this plea of guilty to one count of Violation of Asbestos Work Practice Standards, as charged in Count One of the Information, in violation of Title 42, United States Code, Sections 7412(h) and 7413(c)(1).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant's authorized representative will be placed under oath. Any statement given by Defendant's authorized representative under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of Violation of Asbestos Work Practice Standards, as charged in Count One, in violation of 42 U.S.C. §§7412(h) and 7413(c)(1) are as follows:

First, the defendant was the owner or operator of a renovation activity involving at least the "threshold quantity" of regulated asbestos containing material;

Second, the defendant knew that asbestos was involved in the renovation activity; and

Third, the defendant knowingly failed to comply with, or caused another person to fail to comply with, the following work practice standards: (a) have the affected facility thoroughly inspected for the presence of asbestos prior to the commencement of the demolition or renovation activity; (b) have all RACM removed from the facility being demolished or renovated before any activity begins that would break up, dislodge or similarly disturb the material; (c) adequately wet the RACM during cutting, disjoining, or stripping operations; and (d) have an on-site representative trained in the provisions of asbestos regulations at the facility during asbestos stripping removal, handling or disturbing operations.

4. **The Penalties.** Defendant understands that the statutory penalties for the offense of Violation of Asbestos Work Practice Standards, as charged in Count One are as follows: a maximum fine of (a) five hundred thousand dollars ($500,000.00), or (b) twice the gross gain or loss from the offense; a period of probation of at least one (1) year and up to five (5) years; and a four hundred dollar ($400.00) special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately upon sentencing, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Applicability of United States Sentencing Guidelines.** Defendant understands and acknowledges that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to the sentencing in this case for advisory purposes, except that pursuant to USSG §§ 8C2.1, Chapter 8 of the United States Sentencing Guidelines does not apply to determine the appropriate fine in this case. Defendant understands and acknowledges that, at sentencing, the Court must consider the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Sentencing Recommendations.** Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree to jointly recommend at the time of sentencing that the Court impose the following sentence:

   a. <u>Fine</u>. Defendant shall pay a criminal fine of one hundred and fifty-nine thousand, eight hundred and fifty dollars ($159,850). The parties further agree and stipulate that this fine obligation will be joint and several with co-defendant, Stanley Xu.

   b. <u>Mandatory Special Assessment</u>. Defendant shall pay a special assessment of Four Hundred dollars ($400.00) as to Count One.

c.   Probation.  Defendant will be placed on organizational probation for a period of five (5) years pursuant to USSG §§ 8D1.1 and 8D.1.2.  The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

(1)   No Further Violations.  Defendant shall not commit any further violations of federal, state, or local environmental criminal laws, and shall conduct all its operations in accordance with federal, state, and locals environmental statutes and regulations.

(2)   Community Service Payment.  The parties agree that the Defendant realized a pecuniary gain from its criminal conduct by foregoing the expenses necessary to lawfully remove and dispose of the regulated asbestos containing material.  Given the nature of the conduct, particularly the Defendant's failure to control or limit the release of asbestos from the renovation and demolition activities, it is difficult to identify specific compensable environmental damage or harm.  In recognition of the need to disgorge the Defendant of his pecuniary gain resulting from avoiding the costs of properly abating the identified asbestos containing materials, the parties agree that the Defendant shall make a community service payment of Seventy Five Thousand dollars ($75,000) to the National Environmental Education Foundation, a Congressionally mandated foundation established and dedicated to advancing environmental education.  Defendant will not characterize, publicize or refer to the community service payment as a voluntary donation or contribution. The parties further agree and stipulate that this community service payment obligation shall be joint and several with co-defendant Stanley Xu.

8.   **Application of the Agreement.**  This Agreement shall bind Defendant and its subsidiaries and affiliates, including all subsidiaries and affiliates, and all successors in interest, if applicable, and all successors and assigns.  Defendant shall provide immediate notice to the United States Attorney's Office, and the United States Environmental Protection Agency/Criminal Investigation Division-Seattle Office of any of the following: any corporate name changes; any purchase, sale or reorganization or

1  Xu and Longwell also obtained for themselves bids from certified asbestos abatement
2  contractors that quoted costs for abatement ranging from approximately $90,000 to nearly
3  $190,000.  Ultimately, Stanley Xu and Longwell accepted and received insurance
4  settlement payments from Longwell's insurer totaling approximately $772,438 toward
5  cost of repairs for Avante, of which approximately $79,925 alone was the insurer's
6  estimated cost for proper asbestos abatement.
7        Stanley Xu, however, did not retain a certified asbestos abatement contractor to
8  lawfully remove and dispose of the asbestos at Avante.  Instead, Stanley Xu authorized a
9  Longwell employee to hire The Everlasting Construction, LLC, ("Everlasting"), an
10  unlicensed general contractor to do regular demolition and repairs, thus reaping
11  substantial savings.  With Stanley Xu's knowledge, Everlasting conducted demolition
12  and repairs in Avante without complying with any of the asbestos work practices
13  standards.  Asbestos containing materials in the ceilings were not removed before
14  commencing work that would break up, dislodge or otherwise disturb such material.  No
15  one was present on-site who was trained in the provisions of asbestos regulations.  None
16  of Everlasting or Longwell's workers used proper personal protective equipment or
17  employed required measures to prevent the emission of asbestos fibers from the
18  construction site.  In addition, the renovation and demolition debris was handled as
19  ordinary construction debris and dumped in general dumpsters in violation of specific
20  work practices standards intended to protect workers, tenants, the general public, and
21  municipal or county employees working at disposal facilities.
22        11.    **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement,
23  the United States Attorney's Office for the Western District of Washington agrees not to
24  prosecute Defendant for any additional offenses known to it as of the time of this
25  Agreement that are based upon evidence in its possession at this time, and that arise out
26  of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the
27  United States has agreed not to prosecute all of the criminal charges the evidence
28  establishes were committed by Defendant solely because of the promises made by

Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

12. **Corporate Authorization.** Defendant represents that it is authorized to enter into this Agreement and to bind itself and any subsidiaries to the terms of this Agreement. On or before the date of entry and filing of the Plea Agreement, Defendant shall provide to the United States Attorney's Office and the Court a written statement, under corporate seal and properly authenticated under the laws of the State of Washington, certifying that Defendant corporation is authorized to enter into and comply with all the provisions of this Plea Agreement; that a representative of Longwell Company has been authorized by Defendant to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed all required corporate formalities for such authorizations.

13. **Breach, Waiver, and Post-Plea Conduct.** If the government determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Agreement, the government may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Defendant recognizes that no such breach by it of any obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of

limitations, preindictment delay, or the Speedy Trial Act for ninety (90) days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this Agreement.

14. **Waiver of Appeal.** Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives it the right to appeal the sentence imposed and that other federal statutes give the Defendant the right to appeal other aspects of the conviction. In consideration of this agreement, the Defendant knowingly and voluntarily waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. **Voluntariness of Plea.** Defendant, through its authorized representatives, acknowledges that it has entered into this Plea Agreement freely and voluntarily and it has been fully advised by counsel, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Interdependence of Plea Agreements.** The parties agree that this Plea Agreement shall be conditioned up on the Court's acceptance of the Plea Agreement between the United States and co-defendant Stanley Xu. The defendant understands, therefore, that this Agreement is part of a package plea agreement with the United States, to wit: if either Defendant or Stanley Xu subsequently seeks to withdraw from the guilty plea, then the United States will withdraw from both Plea Agreements and will seek an indictment against both parties for all crimes for which the United States has sufficient evidence.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

18. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of October, 2013.

For LONGWELL COMPANY:

_____
MICHAEL MCKAY
Authorized Corporate Representative
on Behalf of Defendant Longwell Company

_____
MICHAEL MCKAY
Attorney for Defendant

_____
KATHERYN KIM FRIERSON
Assistant United States Attorney

_____
KARLA GEBEL PERRIN
Special Assistant United States Attorney